**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-1357**

_____

ASAMENEW SOLOMON MULUNEH,

Petitioner,

versus

MICHAEL B. MUKASEY, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration
Appeals. (A97-941-878)

_____

Submitted: October 24, 2007        Decided: December 5, 2007

_____

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Thomas A. Elliot, Fabienne Chatain, Thomas H. Tousley, ELLIOT &
MAYOCK, Washington, D.C., for Petitioner. M. Jocelyn Lopez Wright,
Assistant Director, J. Max Weintraub, Office of Immigration
Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.,
for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Asamenew Solomon Muluneh, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's decision denying his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

In his petition for review, Muluneh challenges the determination that he failed to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Muluneh fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that he seeks.

We therefore deny the petition for review.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

*Muluneh does not challenge the denial of his requests for withholding of removal or protection under the Convention Against Torture in his petition for review. He has therefore waived appellate review of these claims. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

- 2 -